59 F.3d 173
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Kenneth E. ARMSTRONG, Defendant-Appellant.
 No. 94-1756.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 16, 1995.
Decided June 21, 1995.
 
 Before BAUER, EASTERBROOK and MANION, Circuit Judges.
 
 ORDER
 
 1
 Kenneth E. Armstrong appeals the judgment of the district court after resentencing. Armstrong pleaded guilty to conspiracy to sell 14,070 doses of LSD, in violation of 21 U.S.C. Sec. 846, and in April 1991 was sentenced to 115 months' imprisonment.
 
 
 2
 At the time of sentencing, under Chapman v. United States, 500 U.S. 453 (1991), LSD was weighed for sentencing purposes using the carrier medium in which the LSD was absorbed. After sentencing, the Sentencing Commission revised Sec. 2D1.1 of the Guidelines, effective November 1, 1993, to provide for a presumptive weight of 0.4 grams for each dosage of LSD. Armstrong then sought resentencing.[1] The district court noted that the Guidelines' new method of weighing the LSD would place Armstrong in the 70 - 87 month range. The court, however, found that Chapman dictated the imposition of the statutory mandatory minimum.[2] Our subsequent holding in United States v. Neal, 46 F.3d 1405 (1995) (en banc),[3] requires that approach.
 
 
 3
 Since the figure of 14,070 doses (the equivalent of 60.79 grams) puts Armstrong well beyond the ten gram limit, the statute required a sentence of ten years' imprisonment,[4] which the district court properly imposed. On the basis of Neal, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 18 U.S.C. Sec. 3582(c)(2) permits a defendant to move for a reduction in the term of imprisonment where, following the original sentencing, the Sentencing Commission lowers a sentencing range
 
 
 [2]
 The district court reduced the sentence to 91 months based on the government recommendation, pursuant to U.S.S.G. Sec. 5K1.1, for Armstrong's cooperation
 
 
 [3]
 We asked the parties to submit their respective statement of position in light of our holding in Neal. The parties have done so, and we have considered those statements
 
 
 [4]
 21 U.S.C. Sec. 841(b)(1)(A)(v) requires a 120-month prison term where the crime involved ten grams or more of a "mixture or substance containing a detectable amount" of LSD